IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| CURTIS L. BYRD, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No.3:05cv000180 SWW |
| | * | |
| | * | |
| | * | |
| DR. E. KINIESH, W. TIDWELL, | * | |
| JIMI JIMINEZ, WARDEN COLE JETER, | * | |
| LINDA TOLIVER, and FEDERAL | * | |
| BUREAU OF PRISONS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

The plaintiff in this action, Curtis L. Byrd, Jr., a former inmate at the Federal Correctional Institute in Forrest City, Arkansas, seeks damages for alleged deliberate indifference to his medical condition (high blood pressure) by being forced to work on landscaping detail which allegedly resulted in what he characterizes as a stroke. Plaintiff states "[t]hese claims are based on civil rights violations (pursuant to *Bivens* [*v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]), and various tort claims," Compl. at pg. 1, namely, a malpractice claim, a claim of intentional infliction of emotional distress, a claim of unauthorized disclosure of medical records, and a claim of false imprisonment. *Id*. at pg. 7-10. Plaintiff also is proceeding under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. (although he doesn't specifically cite the FTCA), stating that "[a] tort claim letter was sent to the Bureau of Prisons on January 11, 2005," and a "denial of the claim was received on June 28, 2005," *see id*. at pg. 1. Plaintiff filed this action *pro se* but has since been appointed counsel.

On May 4, 2006, the United States, on behalf of the defendants, filed a motion to dismiss

[doc.#35]. The government moved for dismissal on the following grounds: (1) plaintiff may have exhausted his negligence claim under the FTCA but he has not, pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1977e, exhausted the remaining causes of action asserted in his Complaint, thus requiring dismissal of this action as not *all* claims therein asserted have been exhausted; (2) that "to the extent Plaintiff asserts a claim for damages for injuries sustained in the performance of his assigned work," plaintiff's exclusive remedy for work-related injury is found at 18 U.S.C. § 4126(c)(4), and so plaintiff's FTCA claim should be dismissed; (3) even if plaintiff may bring a claim pursuant to the FTCA for injuries received, the only proper defendant is the United States, which is not a named defendant in this action; (4) plaintiff's Privacy Act claim is time-barred; and (5) each defendant is entitled to qualified immunity.

For reasons not apparent from the record, plaintiff failed to respond to the government's motion to dismiss, which complicated this Court's review of the government's motion to dismiss. Nevertheless, because the government's motion failed to address a number of issues, this Court, by Order dated July 6, 2006 [doc.#37], denied the government's motion and directed that plaintiff file an amended complaint as he is now represented by counsel. The Court stated as follows:

> Among other things, the government moves for dismissal on grounds of exhaustion, but does not address whether a *former* prisoner such as plaintiff is subject to the exhaustion requirement. *Cf. Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (the exhaustion requirement of the PLRA does not apply to former prisoners who file their claims after being released from incarceration) (per curiam).
>
> The government also states that "to the extent" plaintiff asserts a claim for damages for injuries sustained in the performance of his assigned work, his exclusive remedy for work-related injury is found at 18 U.S.C. § 4126(c)(4). The government, however, does not address whether alleged deliberate indifference to medical needs *resulting* in a stroke constitutes a work-place injury that must be

brought under § 4126(c)(4) or is a claim actionable under the FTCA. The government's "to the extent" argument hardly constitutes a sufficient basis for dismissal under Rule 12(b)(6), at least on this record.

It also is not clear, and the government does not address, what claims are included within plaintiff's FTCA claim (or, instead, are *Bivens*' claims), such as his claim for intentional infliction of emotional distress, *Cf. Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 855 (10th Cir. 2005) (claim of intentional infliction of emotional distress is not barred by FTCA's misrepresentation exception), and whether any such claims that are included within the FTCA claim are otherwise proper.

Further, the government claims qualified immunity on behalf of the defendants, but the defendants must show that they are entitled to qualified immunity on the face of the complaint when moving to dismiss on qualified immunity grounds. *See, e.g., Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005). The government does not analyze in any respect the specific claims in plaintiff's complaint to which they claim immunity, and the complaint as it now stands does not show entitlement to immunity (at least on the central allegation of plaintiff's complaint).

The Court notes that the government attaches three exhibits to its motion to dismiss. The first exhibit goes to the government's claim that this case should be dismissed for failure to exhaust. The second exhibit is plaintiff's administrative claim letter to the Tort Claims Office of the Federal Bureau of Prisons ("BOP") notifying it of his tort claim and the six month time frame in which to settle it. The third exhibit is the BOP's letter to plaintiff denying his administrative claim. Plaintiff's administrative claim essentially sets forth the allegations of his complaint, while the BOP's denial of plaintiff's claim goes into further detail, including the results of its investigation (which its states revealed no evidence of a stroke).

Although this Court arguably could convert the government's motion to dismiss into one for summary judgment and require a response, this Court, given the infirmities in the government's motion to dismiss and the murkiness of plaintiff's complaint, will decline to so convert the government's motion. Rather, as plaintiff is now appointed by counsel, the Court will direct that plaintiff, within twenty (20) days from the date of entry of this Order, file an amended complaint precisely delineating the causes of action he is pursuing and the defendants against whom he is proceeding (including the United States for purposes of his FTCA claim should he desire to continue to maintain that claim). Plaintiff should carefully evaluate the nature of his case and what existing claims are viable and worthy of this Court's attention and what existing defendants are proper ones.

July 6, 2006 Order [doc.#37] (footnotes omitted).

For reasons not apparent from the record, plaintiff has failed to file an amended complaint as directed by this Court. This Court again directs that plaintiff, within twenty (20) days of the date of entry of this Order, file an amended complaint consistent with, and as directed in, this Court's July 6, 2006 [doc.#37] Order. Failure to comply with today's Order will result in a telephone conference or in-court hearing to address plaintiff's failure to comply with this Court's orders and whether sanctions, including possibly contempt, should be imposed.

Dated this 7th day of August, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE